# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>JOSE DE JESUS LOPEZ-ORTEGA,<br><br>　　　　　　　　　　Defendant. | CASE NO. 11CR2848WQH<br>CASE NO. 13CV811WQH<br><br>ORDER |
|---|---|

HAYES, Judge:

　　The matters before the Court are the Motion for time reduction by an inmate in federal custody under 28 U.S.C. § 2255 (ECF No. 43) and the Request to be transferred to a facility closer to home (ECF No. 41). Defendant moves the court to grant a downward departure on the grounds that he is presently incarcerated in Folkston, Georgia and that he should not be discriminated against because of his nationality.[1] The Court finds that the issues raised in the petition are appropriate for summary disposition.

## APPLICABLE LAW

　　28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

---
[1] ECF No. 43 is not signed by the Defendant.

1 jurisdiction to impose such sentence, or that the sentence was in excess of the maximum
2 authorized by law, or is otherwise subject to collateral attack, may move the court which
3 imposed the sentence to vacate, set aside or correct the sentence."  A district court must
4 summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached
5 exhibits, and the record of prior proceedings that the moving party is not entitled to relief."
6 Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts.
7 When this standard is satisfied, neither a hearing nor a response from the government is
8 required.  *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant has waived his right to bring a § 2255 motion.  In exchange for the Government's concessions in the plea agreement, the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, unless the Court imposes a custodial sentence greater than the statutory maximum." (ECF No. 28 at 9).  This waiver is clear, express and unequivocal.  Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face.  *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005).

The Plea Agreement signed by the Defendant states in part: "Defendant understands that the crime to which the Defendant is pleading carries the following penalties: a maximum of 4 years in prison." (ECF No. 28 at 3).  At the time of sentencing, the Government recommended an adjusted offense level of 26 and a resulting guideline range of 70-87 months. (ECF No. 35).  The Government recommended a sentence of 48 months. (ECF No. 35). On November 21, 2011, the Court imposed a sentence of 48 months.  (ECF No. 38 at 2).[2] Pursuant to the terms of the plea agreement, the Defendant waived his right to collaterally attack the sentence imposed.

Finally, the Defendant presents no grounds for relief under Section 2255.  There a no

---

[2] 28 U.S.C. 2255 provides for a "1-year period of limitation." This motion was filed on April 4, 2013.

1  facts to suggest that the Defendant is being discriminated because of his nationality. The
2  Sentencing Reform Act gives the Bureau of Prisons the responsibility to "designate the place
3  of the prisoner's imprisonment." 18 U.S.C. § 3621(b). *See United States v. Cubillos*, 91 F.3d
4  1342, 1344-45 (9th Cir. 1996). The Court of Appeals for the Ninth Circuit has rejected the
5  assertion that an alien's equal protection rights are violated when he cannot be housed in a
6  minimum security facility or a community correction center based upon his deportation status.
7  *See McClean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

8  IT IS HEREBY ORDERED that the Motion for time reduction by an inmate in federal
9  custody under 28 U.S.C. § 2255 (ECF No. 43) and the Request to be transferred to a facility
10 closer to home (ECF No. 41) filed by the Defendant are denied.

11 DATED: April 19, 2013

*[signature: William Q. Hayes]*
**WILLIAM Q. HAYES**
United States District Judge